proposed to the prisoner's counsel, that the cause should be submitted to the jury without argument, upon the charge of the judge, it appearing, from the nature of the evidence adduced in behalf of the defendant, that a conviction could not probably be had.    To this proposition the prisoner's counsel assented.    All the witnesses on the part of the prisoner were not examined.] [2]

STORY, Circuit Justice, in his charge to the jury, adverted to the evident facts that the woman was not in her right mind, and that her answer that she had eat her child showed that her reason was not in operation for any useful purpose.    He also commented upon the absence of any motive for the crime, the previous sickness, weakness, fever, and excitement of the prisoner, the probability that her mind was diseased, her situation among the deck passengers on board a steamboat in the night, poor, destitute, and friendless, the doubt whether the child was not dead before it was thrown overboard, and the burden upon the government to make out the case beyond a reasonable doubt; and intimated very decidedly that there was no ground for convicting the prisoner.

The jury, without leaving their seats, rendered a verdict of not guilty.

UNITED STATES v. The HIAWATHA.
See Case No. 6,452.

## Case No. 15,360a.

### UNITED STATES v. HICKS.

[Nowhere reported; opinion not now accessible.]

## Case No. 15,361.

### UNITED STATES v. HIGHLEYMAN.

[22 Int. Rev. Rec. 138; 8 Chi. Leg. News. 244.]

District Court, W. D. Missouri. 1876.

INTERNAL REVENUE COLLECTORS — EXTORTION — SPECIAL TAX.

1. The defendant was an ex-revenue collector; the charge was extortion, and the court dwells specially upon the guilty knowledge which the officer should have, in order to warrant a conviction on the charge of extortion: that by the use of the word "knowingly," something more is meant than what is implied, in the legal presumption that every man must know the law.

2. A person who carries on business, requiring the payment of a special tax, without having paid the same, though violating the law, is not a delinquent within the meaning of the law, of whom, when he makes payment of his tax, mileage can be collected.

[This was an indictment against Samuel L. Highleyman.]

[2] [From 7 Law Rep. 361.]

J. S. Botsford, U. S. Dist. Atty., and M. T. C. Williams, Asst. U. S. Atty.

Horace B. Johnson, George G. Vest, and M. J. Leaming, for defendant.

KREKEL, District Judge (charging jury). The indictment which you are considering, is drawn under section 3169 of the United States statute, and provides that "every officer or agent appointed and acting under the authority of any revenue law of the United States * * * who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation or reward except as by law prescribed * * * shall be punished," etc. About the defendant having been a revenue officer when he collected the several amounts charged in the indictment as having been illegally collected by him, there is no dispute. The language of the law is, who knowingly demands or receives any greater sum than he is entitled to by law. By the use of the word "knowingly" something more is meant than what is implied, in the legal presumption that every man must know the law. In order to find the defendant guilty of demanding or receiving greater sums than he was entitled to under the law, you should be satisfied that he knew he was violating the law, and the fact that he demanded or received the several amounts charged in the indictment, is not of itself sufficient to sustain the indictment. You must arrive at his knowledge from the facts and circumstances, testified to in the case. The law does not authorize the collection of fines, penalties or cost, from a tax-payer, until he is delinquent. By a delinquent, is meant a tax-payer to whom notice has been given, and demand made of the tax due from him. A person who carries on business requiring the payment of a special tax, without having paid the same, though violating the law, is not a delinquent within the meaning of the law, of whom, when he makes payment of his tax, mileage can be collected. If you shall be satisfied from the evidence, that the defendant, Highleyman, while proceeding through his collection district, either by accident, or on inquiry, learned that the persons named in the indictment were doing business without having paid the special tax required by law, and he collected of them, or undertook, upon payment of the tax, to procure for them their stamps, he was not entitled by law to charge them mileage, and any amount demanded and received by him was illegal. In order to ascertain whether the defendant knew such collections to be illegal, you will carefully consider all said and done by him at the time, as well as afterwards, regarding the collections. The law requires all deputy collectors who collect under distraint warrants, to return such warrants with the amounts collected thereon, including all costs, fines and penalties, to the collector. If you shall find from the evi-